UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEYUNNA TAYLOR,

     Plaintiff,

v.

BRIGHTSPRING HEALTH
SERVICES, INC. and RES-CARE
INC.,

     Defendants.

Case No. 26-10412
Honorable Laurie J. Michelson

---

## OPINION AND ORDER GRANTING MOTION TO REMAND [8]

---

Keyunna Taylor, proceeding *pro se*, sued Defendants BrightSpring and Res-Care in Oakland County Circuit Court. (ECF No. 1-2.) She alleges that these entities—the parent companies of her former employer, Gateway Pediatric Therapy—fraudulently concealed and misrepresented their identities to prevent her from bringing timely claims against them. (*Id.* at PageID.17–18.) Defendants removed the case, claiming diversity jurisdiction. (ECF No. 1.)

Taylor would like to proceed in state court. Her complaint asserts only state law claims for fraudulent concealment, fraud/misrepresentation, and civil conspiracy to commit fraud. (*Id.* at PageID.19–20.) And she "seeks damages in an amount not to exceed $70,000." (*Id.*) Accordingly, she seeks remand of the case. (ECF No. 8.)

Defendants want to stay in federal court. They claim Taylor is purposefully evading federal jurisdiction, and that the true amount in controversy is above $75,000. (ECF No. 11.)

The motion is fully briefed and does not require further argument. *See* E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the Court GRANTS the motion to remand (ECF No. 8).

## I.

This is not Taylor's only pending case before this Court. In March 2024, Taylor filed a *pro se* discrimination and retaliation lawsuit against her former employer, Gateway Pediatric Therapy, LLC, and several former coworkers. *Taylor v. Gateway Pediatric Therapy, LLC*, No. 24-10770 (E.D. Mich. Mar. 24, 2024).[1] There, she sought leave to amend to add BrightSpring, a parent company of Gateway, as a defendant. *Taylor*, No. 24-10770, ECF No. 49. Defendants in that case opposed the motion (ECF No. 55) and the Court denied leave to amend, finding that Taylor had not plausibly alleged that BrightSpring was her joint employer. *Taylor*, No. 24-10770, ECF No. 73. That case continued. Taylor was deposed and Defendants' motion for summary judgment on all of Taylor's claims is pending. *Taylor*, No. 24-10770, ECF No. 81.

Unable to add BrightSpring to the *Gateway* case, Taylor filed this separate lawsuit in state court a few months after the Court denied her motion for leave. (ECF No. 1-2.) She brought fraudulent concealment, misrepresentation, and conspiracy claims against BrightSpring and Res-Care—both parent companies of Gateway— alleging that they intentionally concealed their identities such that she was unable to "pursu[e] timely claims against the proper corporate entities" regarding her termination from Gateway. (*Id.* at PageID.18.)

---

[1] The Court will refer to this as the *Gateway* case.

As mentioned, Defendants removed the case to federal court based on diversity jurisdiction, arguing that this case is essentially a proxy for her first case pending in this court, and that the amount in controversy *there* should be imputed *here*. (ECF No. 1, PageID.2 (citing 28 U.S.C. §§ 1332, 1441 and 1446).) Taylor's state case seeks damages for her upset at not being able to name the parent companies in her federal case while her federal case seeks damages for her upset at being discriminated and retaliated against. Despite this distinction, Defendants believe the damages should be equated. (*Id.* at PageID.7.) Taylor contends that her damages in this case do not exceed the jurisdictional threshold, so she filed a motion to remand (ECF No. 8).

## II.

## A.

Federal district courts may exercise diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). Here the parties do not dispute that they are citizens of different states. The dispute is squarely focused on whether the amount in controversy satisfies the jurisdictional threshold.

A plaintiff is considered "the master of his complaint," so "[i]n diversity cases, the general rule is that the amount claimed by a plaintiff in his complaint determines the amount in controversy." *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469 (6th Cir. 2019) (internal citations omitted). But there is a wrinkle. When a state "either does not permit demand for a specific sum or permits recovery of damages in

excess of the amount demanded" then a plaintiff's damages demand in the complaint does not automatically establish the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(ii). A "sum certain" is "an amount that can be calculated precisely" and "cannot be reasonably disputed." *Griggs v. Tamaroff Motors, Inc.*, No. 345922, 2019 WL 7206108, at *3 (Mich. Ct. App. Dec. 26, 2019).

In her state law complaint here, Taylor requested "damages in an amount not to exceed $70,000." (ECF No. 1-2, PageID.20.) But, as Defendants explain, Michigan court rules prohibit a demand for a "specific amount" of money damages unless it is for "a sum certain or a sum that can by computation be made certain" such as a breach of contract. (ECF No. 11, PageID.160); Mich. Comp. R. 2.111(B)(2). There is no sum certain here, so the "not to exceed $70,000" figure demanded in Taylor's complaint does not definitively establish the amount in controversy for purposes of this Court's jurisdiction. *See Heyman*, 781 F. App'x at 469 ("Heyman's attempt to limit his monetary recovery through reference to a damages cap was improper under Kentucky rules and did not create the barrier to the federal court's jurisdiction that Heyman envisioned."). Nor does Taylor stipulate in her motion to remand to damages of not more than $70,000. *Id.*

But that does not mean the damages allegation in Taylor's complaint is irrelevant. When parties contest the amount in controversy on a motion to remand, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Rogers v. Wal-Mart*

4

*Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The burden of proof lies with the party seeking removal, here the Defendants. *Agri-Power, Inc. v. Majestic JC, LLC*, No. 13-00046, 2013 WL 3280244, at *2 (W.D. Ky. June 27, 2013) (citing *Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 572 (6th Cir. 2001). But they need not "research, state and prove the plaintiff's claim for damages" or establish damages to a legal certainty. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 159 (6th Cir. 1993), *abrogated by Hertz Corp. v. Friend*, 559 U.S. 77 (2010); *Hayes*, 266 F.3d at 572. Ultimately "any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court." *Fenton v. Speedway, LLC*, No. 13-063, 2013 WL 2422877, at *1 (E.D. Ky. June 3, 2013) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109 (1941)).

### B.

Defendants argue that while Taylor states the amount in controversy does not exceed $70,000, what she seeks is actually much higher. (ECF No. 11, PageID.161.) They say the damages sought are likely closer to her requested damages in the *Gateway* case. (*Id.*) And they rely on Taylor's deposition testimony describing her damages in that case as follows:

(Q): And what you are seeking is punitive damages of $100,000; correct?

(A): And compensatory damages for general stress.

(Q): For what?

(A): But the total is 100,000, yes ma'am.

(ECF No. 1-4, PageID.51.)

In other words, as the Court understands this testimony, Taylor says her damages for the alleged discrimination and retaliation, including punitives and

emotional distress, total $100,000. This does not show, more likely than not, that the amount in controversy for her *fraud-based* claims—the only claims here—exceed $75,000.

For one, Taylor cannot recover the type of punitive damages for her fraud-based claims under Michigan law that she could recover in a Title VII action. *See Staten v. D.R. Horton, Inc.*, No. 20-10410, 2020 WL 3410770, at *2 (E.D. Mich. June 22, 2020) ("Under Michigan law, Staten cannot recover punitive damages for a common-law fraud claim."); *PHD Michigan, L.L.C. v. Outfitters Ass'n of Am.*, No. 04-73964, 2006 WL 2042515, at *9 (E.D. Mich. July 20, 2006) (explaining that punitive damages are not available under Michigan law, though the state laws provide for exemplary damages in narrow circumstances). So it is unconvincing that $100,000 in damages in the federal *Gateway* case, which clearly includes punitive damages, would equate to over $75,000 in damages here for state law claims with punitive damages off the table. Given the significant differences in the claims at issue, it is entirely plausible that the damages in the state law claim would be less than $75,000 if the damages in the federal claim are only $100,000, and Defendants have not shown otherwise.

Indeed, beyond Taylor's deposition testimony, Defendants point to no other evidence showing that the amount in controversy for Taylor's state law claims exceed $75,000. But this testimony, coupled with Taylor's allegation that her damages in this case do not exceed $70,000 is not enough to "clear the preponderance-of-the-evidence hurdle." *Total Quality Logistics, LLC v. Franklin*, No. 19-266, 2020 WL

6

5051418, at *6–7 (S.D. Ohio Aug. 27, 2020) (granting motion to remand where plaintiff provided damages demand from complaint and defendants provided discovery response of plaintiff neither admitting nor denying that it would not seek more than $75,000 in damages); *see also Redemption to the Nations v. Progressive Invs. Grp., LLC*, No. 21-260, 2022 WL 368811, at *4 (E.D. Tenn. Feb. 7, 2022) (remanding case to state court because defendants relied on speculation, not evidence such as "affidavits, market data, declarations, or other competent proof" regarding the amount in controversy).

## III.

In sum, Defendants have not shown, by a preponderance of evidence, that the amount in controversy here exceeds $75,000. Thus, Taylor's motion to remand (ECF No. 8) is GRANTED.

SO ORDERED.

Dated: April 20, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

7